IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JASON D. THOMPSON,<br><br>       Plaintiff,<br><br><br><br><br>vs.<br><br><br>ERIE STRAYER COMPANY,<br>CONAGGBIT, INC., SYSTECH, INC., and<br>JOHN DOES 1 through 5,<br><br>       Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT<br>SYSTECH'S MOTION TO DISMISS<br>AND GRANTING PLAINTIFF<br>LEAVE TO AMEND<br><br><br><br><br><br>Case No. 1:08-CV-1 TS |

   This matter is before the Court on Defendant Systech's ("Systech") Motion to Dismiss and Plaintiff's request for Leave to Amend contained within his Memorandum in Opposition to Systech's Motion to Dismiss.[1] In its Motion, Systech argues that this case should be dismissed because the Complaint fails to state a claim for which relief may be granted because Systech was not a party to the contract which governed the sale of the allegedly defective product at issue.

   In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[1]Docket No. 16.

light most favorable to Plaintiff as the nonmoving party.[2]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4]  But, the court "need not accept conclusory allegations without supporting factual averments."[5]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]

>However, the Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." The Court explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual

---

[2]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[4]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

support for these claims.[7]

In support of its Motion, Systech submits a copy of the Equipment Sales and Service Order Contract[8] between Elite Batch Systems LLC and Metro Ready Mix ("Contract"). Plaintiff argues that the Court must either exclude the Contract, or must transform Systech's motion into a motion for summary judgment.[9] The Tenth Circuit has stated that in considering a motion to dismiss the Court is entitled to consider all the materials referenced in the complaint,[10] including any documents that are "central to the plaintiff's claim and referred to in the complaint."[11] The Court finds that Plaintiff's claims rely upon the existence of the Contract, and that the Contract is therefore central to Plaintiff's claim and impliedly referred to in the Complaint.

Based upon the arguments presented in Systech's Memorandum Supporting Motion to

---

[7] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1969, 1974 (2007)) (internal citations omitted).

[8] Docket No. 10, Affidavit of John Rabchuk, Exhibit 1 (Equipment Sales and Service Order Contract).

[9] *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999) ("[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings.")

[10] *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

[11] *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). See also *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) ("It is accepted practice that, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

Dismiss[12] and the Contract, the Court finds that Plaintiff fails to state a claim for which relief may be granted, because Systech is not a proper party to this case.  The Court will therefore grant Systech's Motion to Dismiss.  Because the interests of justice so require, the Court will also grant Plaintiff's request for Leave to Amend.

It is therefore

ORDERED that Systech's Motion to Dismiss (Docket No. 8) is GRANTED.  It is further

ORDERED that all claims against Defendant Systech, Inc. are hereby dismissed without prejudice.  It is further

ORDERED that Plaintiff be granted leave to file an Amended Complaint within 30 days of the issuance of this Order.

DATED   September 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] Docket No. 9.